Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3389 | **DATE** | 12/17/2001 |
| **CASE TITLE** | Manufacturers & Traders Trust Company vs. Kenneth Ruff, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Summary Judgment as to defendant USA is granted. Enter Summary Judgment Order. Motion for Default, order appointing special commissioner and entry of Judgment of Foreclosure is Granted. Enter order of Default as to defendants Kenneth & Susan Huff and Greenwood Trust Co. Enter order appointing Howard Rubin as special commissioner. Enter Judgment of Foreclosure. This action is closed. Any pending motions are moot and terminated. Any status dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 1 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 01 DEC 17 PM | date mailed notice | |
| PAMF | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

njf8                  Fisher And Fisher        File # 46319

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Manufacturers & Traders Trust Company, One M&T Plaza Buffalo, NY 14203-2399, Trustee for Securitization Series 1994-2, Agreement dated 3-10-94     Plaintiff<br>VS.<br>Kenneth Ruff and Susan J. Ruff, United States of America, Leasacomm, Greenwood Trust Company     Defendant | ) ) ) ) ) ) ) ) ) ) )    NO. 01 C 3389<br>   Judge COAR |

**DOCKETED DEC 1 8 2001**

## SUMMARY JUDGMENT ORDER

This cause coming on to be heard on motion of plaintiff, Manufacturers & Traders Trust Company, One M&T Plaza Buffalo, NY 14203-2399, Trustee for Securitization Series 1994-2, Agreement dated 3-10-94, for summary judgment, against Defendant, United States of America and this Court being fully advised;

IT IS HEREBY ORDERED that this Court finds there is no genuine issue of any material fact as to Mortgagee's claim against Defendant, United States of America and Mortgagee is therefore entitled to a judgment as a matter of law against Defendant (see Fed.R.Civ.P.56), that judgment is included in the Judgment for Foreclosure being entered contemporaneously with this order.

DATE: __DEC 17 2001__

ENTER: _____

**JUDGE**

Elizabeth Kaplan Meyers, Renee Meltzer Kalman,
Michael S. Fisher, Kenneth J. Johnson, Erik E. Blumberg,
Marc D. Engel, Julie E. Fox, Ryan Krueger
FISHER AND FISHER, Attorneys At Law, P.C.
120 North LaSalle Street, Suite 2520
Chicago, IL 60602
773-854-8055



njf3  Fisher And Fisher
File # 46319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 1 8 2001

| | |
|---|---|
| Manufacturers & Traders Trust Company, One M&T Plaza Buffalo, NY 14203-2399, Trustee for Securitization Series 1994-2, Agreement dated 3-10-94 <br> Plaintiff <br> VS. <br> Kenneth Ruff and Susan J. Ruff, United States of America, Leasacomm, Greenwood Trust Company <br> Defendant | NO. 01 C 3389 <br> Judge COAR |

### DEFAULT ORDER

THIS CAUSE COMING ON TO BE HEARD ON motion of plaintiff for entry of an Order finding certain Defendants in default;

IT IS ORDERED the following defendants are in default:

Kenneth Ruff, Susan J. Ruff, Leasecomm and Greenwood Trust Company.

DATED: DEC 17 2001    ENTER: _____
                                JUDGE

Elizabeth Kaplan Meyers
Renee Meltzer Kalman
Michael S. Fisher
Kenneth J. Johnson
Erik E. Blumberg
Marc D. Engel, Julie E. Fox, Ryan Krueger
FISHER AND FISHER
ATTORNEYS AT LAW, PC
120 N. LASALLE, SUITE 2520
CHICAGO, IL 60602
TELEPHONE: 773-854-8055

1

njf5  Fisher And Fisher
File # 46319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Manufacturers & Traders Trust Company, One M&T Plaza Buffalo, NY 14203-2399, Trustee for Securitization Series 1994-2, Agreement dated 3-10-94<br>Plaintiff<br>VS.<br>Kenneth Ruff and Susan J. Ruff, United States of America, Leasacomm, Greenwood Trust Company<br>Defendant | ) ) ) ) ) ) ) ) ) ) ) | NO. 01 C 3389<br>Judge COAR |

DOCKETED
DEC 1 8 2001

## ORDER APPOINTING SPECIAL COMMISSIONER

IT IS ORDERED THAT ___Howard Cribin___ hereby appointed Special Commissioner of this Court for the purpose of the sale at public venue of the property that is the subject matter of this action.

DATED: DEC 17 2001        ENTERED: _____
                                         JUDGE

Elizabeth Kaplan Meyers
Renee Meltzer Kalman
Michael S. Fisher
Kenneth J. Johnson
Erik E. Blumberg
Marc D. Engel
Julie E. Fox
Ryan Krueger
FISHER AND FISHER
Attorneys at Law PC
120 N. LaSalle St.
Suite 2520
Chicago, IL 60602
(773)-854-8055

1

njf1   Fisher And Fisher
       File # 46319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Manufacturers & Traders Trust Company, One M&T Plaza Buffalo, NY 14203-2399, Trustee for Securitization Series 1994-2, Agreement dated 3-10-94 <br> **Plaintiff** <br> VS. <br> Kenneth Ruff and Susan J. Ruff, United States of America, Leasacomm, Greenwood Trust Company <br> **Defendant** | ) ) ) ) ) ) ) ) ) ) ) | NO. 01 C 3389 <br> Judge COAR |

**DOCKETED**
DEC 1 8 2001

## JUDGMENT OF FORECLOSURE

This cause coming on to be heard on Plaintiff's Motion for Judgment, the Court FINDS:

1. That it has jurisdiction of the parties hereto and the subject matter hereof and that service of process in each instance was properly made.

2. That the date when the last of the owners of the equity of redemption were served with summons or by publication was November 12, 2001.

3. That the redemption period in this case shall expire on June 13, 2002, unless shortened by further order of this Court.

4. That by virtue of the Mortgage and the Note secured thereby, there is due from the Mortgagors to the Plaintiff, and the Plaintiff has a valid and subsisting lien for said amount upon the hereinafter described property as follows:

| | |
|---|---|
| Unpaid Principal: | $ 202,696.42 |
| Accrued interest on unpaid principal to December 17, 2001: | $ 16,948.50 |
| Advances by Plaintiff: | $ 951.73 |
| Late Charges | $ 1,016.38 |
| Costs of Suit: | $ 1,056.00 |
| Plaintiff's Attorneys' fees: | $ 950.00 |
| TOTAL JUDGMENT INDEBTEDNESS | $ 223,619.03 |



5. The Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the Recorder of Deeds of DUPAGE County, Illinois as Document No. R94-069570, and the subject property is legally described as follows:

Lot 1320 in University Heights Unit 10, Being a Subdivision of part of the North 1/2 of Section 33, Township 38 North, Range 10, East of the Third Principal Meridian, according to the Plat thereof recorded August 18, 1986 as document R86-96059 and certificate of correction recorded January 16, 1987 as document R87-007683 and September 10, 1987 as document R87-134476, in DuPage County, Illinois.
C/k/a 1816 Denison Road, Naperville, IL 60565
Tax ID. 08-33-205-020

6. The names of Defendants personally liable for the deficiency, if any, **with the exception of any defendant who received a discharge in bankruptcy are:** Kenneth Ruff and Susan J. Ruff

7. The rights and interests of all the other parties to this cause in the subject property, are inferior and subordinate to the lien of the Plaintiff and are described as follows: United States of America by reason of Federal Income Tax Lien filed by the District Director of Internal Revenue, at City of Naperville, Illinois against Kenneth Ruff whose address is shown as 1816 Denison Road, Naperville, IL 60565 in the Office of the recorder of Deeds in DuPage County, Illinois on May 2, 1996 as document number R96-072024 in the amount of $ 44,272.82 - Leasecomm by reason of Judgment dated August 6, 1997 and recorded August 22, 1997 as document number R97-124670 against Kenneth Ruff in the amount of $ 3,125.43 - Greenwood Trust Company by reason of Memorandum of Judgments (#1) Judgment dated March 10, 2000 and recorded October 2, 2000 as document number R2000-152826 against Susan J. Ruff in the amount of $ 3,108.34 (#2) Judgment dated January 22, 1999 and recorded January 22, 2001 as document number R2001-011812 against Kenneth Ruff in the amount of $ 2,523.65.

The aforementioned liens are not to be considered judgments by virtue of this Order, but which are subject to further order of this Court.

8. The Plaintiff has been compelled to retain legal counsel and to advance money in payment of costs, fees, expenses and disbursements for taxes, assessments and insurance in connection with this foreclosure, which under the terms of the Mortgage are made a lien upon the mortgaged real estate and which the Plaintiff is entitled to recover together with interest on all advances at the rate of interest provided in the Mortgage, from the date on which such advances are made.

9. The allegations in Plaintiff's Complaint are true, and the equities in the cause are with Plaintiff, and Plaintiff is entitled to the relief prayed for in the Complaint including foreclosure of said Mortgage upon the real estate described therein in the amount of the Total Judgment Indebtedness as found above, together with interest thereon at the statutory rate after the entry of this Judgment and with additional advances, expenses, and court costs as may be paid out by Plaintiff thereafter.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. REDEMPTION: The Defendant(s) homeowner(s) are ordered to pay to the Plaintiff the Total Judgment Indebtedness found due above before the expiration of the redemption period together with additional attorneys' fees, costs, advances, and expenses incurred thereafter with interest. In default of such payment, upon expiration of the redemption period, the mortgaged real estate may, at Plaintiff's discretion, be sold to satisfy the amount due to the Plaintiff together with the interest, advances, and expenses incurred after judgment at the statutory judgment rate from the date of the Judgment. This Court has approved the portion of the lien attributable to attorneys' fees in Finding 4 only for purposes of the foreclosure sale, and not for purposes of determining the amount required to be paid personally by Defendant in the event of redemption by defendants, or a deficiency judgment, or otherwise.

2. THE SALE shall be by public auction with open verbal bid conducted by a Special Commissioner to be appointed by this Court. Exceptions to which title shall be subject at the sale shall include unpaid general real estate taxes, special assessments upon the real estate, easements and restrictions of record, as well as any liens of records prior in right and interest to the lien herein foreclosed as well as any subordinate liens not included in this action and not foreclosed hereby.

3. PUBLICATION FOR SALE A Notice Of Sale specifying the time, date and location of the sale and identifying and describing the real estate to be sold shall be published at least three consecutive calendar weeks, once in each week. The first such notice is to be published no more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, pursuant to law. If the sale is to be continued to a later date less than 60 days after the last scheduled sale, notice of any adjourned sale shall be given verbally at the originally scheduled sale time and place.

4. <u>REPORT OF SALE</u> The person conducting the sale shall prepare a Report Of Sale specifying the amount of proceeds of sale realized and the disposition thereof. Said Report shall be delivered to Plaintiff's Attorney for presentation to the Court for its approval. Out of the proceeds of the sale, the person conducting the sale shall retain his fees and costs. Out of the remainder of such proceeds, the person conducting the sale shall pay to the Plaintiff the amount of this Judgment found to be due with interest on said sum, at the rate of Nine (9%) percent per annum from the date of this Judgment to the date of sale plus advances by Plaintiff for the publication for Sale, taxes, maintenance, late charges, and other necessary items, plus interest thereon from the date of said expenditure to the date of sale.

In the event any party to this foreclosure is the successful bidder at the sale, such party may offset against the purchase price to be paid for such real estate the amounts due such party under this Judgment of Foreclosure, once said party's lien position has been adjudicated by the Court, plus amounts advanced for costs and expenses with interest thereon. In the event of a 3rd party bidder, the successful bidder shall pay to the person conducting the sale, no less than 10% down in certified funds, and the balance within 24 hours of the date of the sale. If the remainder of the proceeds shall not be sufficient to pay the above described amounts the person conducting the sale shall then specify the amount of the deficiency in his Report of Sale. If such remainder shall be more than sufficient to pay such amounts, the person conducting the sale shall hold the surplus subject to the further order of this Court.

5. <u>CERTIFICATE OF SALE:</u> After the sale, the person conducting the sale shall give a Certificate of Sale to the purchaser. The certificate shall be freely assignable by endorsement thereon. Upon confirmation of the sale by Order of this Court, the person who conducted the sale shall execute a deed to the holder of the Certificate of Sale sufficient to convey title. Such conveyance shall be an entire bar of all claims of parties to the foreclosure and all claims of non record claimants given notice of the foreclosure as provided by statute.

6. <u>POSSESSION</u> The Mortgagor shall have possession of said real estate until the sale is confirmed unless an order of Court to the contrary is entered. Upon confirmation of the sale by Order of this Court, the purchaser or his assigns, shall have a right to possession of the premises conveyed and any of the parties in this cause who are in possession of said premises, and any persons who, since the commencement of this suit, have come into possession shall surrender possession thereof to such purchaser or be subject to eviction, 30 days after the Order for Possession is entered by this Court.

7. The Court hereby retains jurisdiction of the subject matter of this cause and of all the parties hereto for the purpose of enforcing this Judgment, and for appointing a Receiver during the redemption period if necessary.

8. <u>TERMINATION OF LEASES</u> All leases now existing with respect to the subject property shall automatically be terminated upon the sale of the subject property at public auction as set forth hereinbelow.

ENTERED:

_____
Judge

DATED: DEC 17 2001

**Elizabeth Kaplan Meyers**
**Renee Meltzer Kalman**
**Michael S. Fisher**
**Kenneth J. Johnson**
**Erik E. Blumberg**
**Marc D. Engel**
**Julie E. Fox**
**Ryan Krueger**
**FISHER AND FISHER**
**Attorneys at Law, P.C. #3309**
**120 North LaSalle, Suite 2520**
**Chicago, IL 60602**
**Telephone:(773)854-8055**